IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------- : <br> JAMES VARGAS : <br> : <br> Petitioner, : <br> : <br> -vs- : <br> : <br> JULIUS WILSON, Warden, : <br> : <br> Respondent. : <br> ------------------------------------------------- | CASE NO. 5:03 CV 1757 <br><br> <u>ORDER ADOPTING REPORT AND</u> <u>RECOMMENDATION AND</u> <u>DISMISSING HABEAS PETITION</u> |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before this Court is James Vargas's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. (Docket No. 1). On 18 January 2001, Mr. Vargas was convicted by an Ohio jury of aggravated robbery with a firearm specification and having weapons while under disability. (Docket No. 14). His habeas petition challenges the conviction on a single ground for relief: the in court identification of the petitioner by the witness should be excluded because there was no reliable pre-trial identification procedure, and because the in court identification was suggestive and unreliable, thereby creating a substantial likelihood of an erroneous identification. (Docket No. 1).

On 7 October 2003, this matter was automatically referred to United States Magistrate Judge William H. Baughman for a Report & Recommendation ("R&R"). (Docket No. 10). The Magistrate Judge filed his R&R on 25 January 2006, recommending that the petition be dismissed because, pursuant to § 2254(d), the state court proceedings were not contrary to nor did they involve an unreasonable application of clearly established federal law, and the proceedings did not result in a decision based

on an unreasonable determination of the facts in light of the evidence before the state courts.  (Docket No. 24).  The R&R specifically reports that the state appellate court, in determining the constitutionality of the trial court identification of Mr. Vargas, correctly identified and reasonably applied the five part test set forth by the U.S. Supreme Court in Neil v. Biggers, 409 U.S. 188 (1972).  Id.  Mr. Vargas filed an objection to the R&R on 1 March 2006.  (Docket No. 26).

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636 (b)(1)(C), this Court reviews de novo those portions of the Magistrate Judge's R&R to which specific objections are made.  Upon review, this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  In the Sixth Circuit, objections to a magistrate judge's R&R "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  Further, "a general objection to the entirety of the magistrate's report has the same effect as would a failure to object."  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6h Cir. 1991).

Initially, the Court notes that Mr. Vargas untimely filed his objection more than 20 days beyond the requisite filing deadline imposed by Rules 72(b) and 6(e).  However, even if the objection had been timely filed, the petitioner still failed to direct this Court to factual information requiring a de novo review.  Mr. Vargas's objection to the R&R is merely a reassertion of his claim set forth in his original habeas petition, and neither addresses the Magistrate Judge's finding that the state appellate court correctly identified or reasonably applied the Biggers factors, nor presents any additional factual information for this Court to consider in its review.

2

Moreover, the petitioner's objection did not direct the Court to factual information that would lead the Court to a conclusion different than that of the Magistrate Judge's. Magistrate Judge Baughman's recommendation is based on a thorough and valid analysis of applicable federal law.  28 U.S.C. § 2254(d) provides that a habeas petition on behalf of a person in custody pursuant to state court judgment shall not be granted unless the claim adjudicated on the merits in state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  The R&R succinctly lays out that the state appellate court correctly identified the factors to consider set forth by the U.S. Supreme Court in Neil v. Biggers, and then reasonably applies the facts of the case to the Biggers factors.

Accordingly, Magistrate Judge Baughman's R&R is adopted and Mr. Vargas's petition is dismissed without further proceedings.

The Court further certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

    /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 3 January 2007